Avtar SINGH, a.k.a. Rajbir
Singh, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

Charanjit Kaur; Amandeep
Singh, Petitioners,

v.

Eric H. Holder, Jr., Attorney
General, Respondent.

Nos. 08–70478, 08–70480.

United States Court of Appeals,
Ninth Circuit.

Submitted: Feb. 15, 2011.*

Filed: March 9, 2011.

Garish Sarin, Esquire, Law Offices of
Garish Sarin, Los Angeles, CA, for Peti-
tioners.

Ronald E. Lefevre, Office of the District
Counsel Department of Homeland Securi-
ty, San Francisco, CA, Kate D. Balaban,
Esquire, Carl H. McIntyre, Jr., Esquire,
Assistant Director, U.S. Department of
Justice, Washington, DC, Jaesa Woods
McLin, Esquire, U.S. Department of Jus-
tice Civil Div./Office of Immigration Lit.,
Oxford, MS, for Respondent.

Before: CANBY, FERNANDEZ, and
M. SMITH, Circuit Judges.

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Avtar Singh, Charanjit Kaur, and their
son, natives and citizens of India, petition
for review of the Board of Immigration
Appeals' ("BIA") orders dismissing their
appeal from the immigration judge's ("IJ")
decision denying their application for asy-
lum, withholding of removal, and protec-
tion under the Convention Against Torture
("CAT"). Our jurisdiction is governed by
8 U.S.C. § 1252. We review for substan-
tial evidence factual findings, including ad-
verse credibility determinations, *Cheb-
choub v. INS*, 257 F.3d 1038, 1042 (9th
Cir.2001), and review de novo questions of
law, *Rivera v. Mukasey*, 508 F.3d 1271,
1274–75 (9th Cir.2007). We deny in part
and dismiss in part the petition for review.

Substantial evidence supports the agen-
cy's adverse credibility determination as to
Singh based on Singh's admission that he
made false statements in his airport inter-
view, and as to Kaur based on Kaur's filing
of a false asylum application and support-
ing affidavits. *See Kaur v. Gonzales*, 418
F.3d 1061, 1065–67 (9th Cir.2005); *Sarvia–
Quintanilla v. INS*, 767 F.2d 1387, 1393
(9th Cir.1985) (history of dishonesty can
support an adverse credibility finding).
The agency reasonably rejected petition-
ers' explanations for the false accounts.
*See Rivera v. Mukasey*, 508 F.3d 1271,
1275 (9th Cir.2007). Accordingly, in the
absence of credible testimony, petitioners'
asylum and withholding of removal claims
fail. *See Farah v. Ashcroft*, 348 F.3d 1153,
1156 (9th Cir.2003).

We lack jurisdiction to address petition-
ers' contention that the IJ failed to con-
sider country condition evidence in her
analysis of their CAT claim because this
argument was not exhausted before the

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

BIA. *See Tall v. Mukasey,* 517 F.3d 1115, 1120 (9th Cir.2008).

Petitioners' contention that the BIA failed to provide appellate review of Singh's claims is belied by the record. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1096 (9th Cir.2000) (BIA's independent analysis and case citation countered the petitioner's argument that the BIA did not consider his supplemental evidence on appeal).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

